IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV703

| | | |
|---|---|---|
| OTIS NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court upon Defendant's Motion to Dismiss the Amended Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

**Factual Background**

The Plaintiff, an African-American male, is a former employee of the Defendant North Carolina Department of Transportation ("DOT"), having worked as a sign erector for DOT's Division of Highways, primarily in Mecklenburg County, North Carolina. (Amd. Compl. ¶¶ 1, 3-4.) He worked for the DOT from 1999 until his termination on March 18, 2014. *Id.* at ¶¶ 4, 26. Plaintiff alleges that the DOT discriminated against him on the basis of his race by giving him an unsatisfactory score on a work performance evaluation in February 2014, by not promoting him into a supervisor position that he applied for in the DOT's Mecklenburg County offices in the year 2014, and by terminating his employment. *Id.* at ¶¶ 7, 20-35. The Plaintiff alleges that DOT filled the supervisor's position by promoting a white male into the position after his employment was terminated on March 18, 2014. *Id.* at ¶¶ 9, 28. The white male selected for the position was a friend and fellow church member of Plaintiff's next level supervisor. *Id.* at 9. Plaintiff makes no

1

other allegations about this individual's qualifications other than the fact that he had "no experience as a sign erector" and that he was "far less qualified" than the Plaintiff. *Id.* at ¶¶ 8, 28.

On March 12, 2014, Plaintiff received a notice of a predisciplinary conference to respond to a recommendation for dismissal based upon unsatisfactory job performance as set out in his most recent evaluation and unacceptable personal conduct. *Id.* at ¶ 24. Plaintiff was terminated on March 14, 2014. *Id.* at ¶ 26. He alleges that the reasons for his dismissal were "false and misleading" and that his termination was "motivated by race." *Id.* at ¶ 25.

In his Amended Complaint, the Plaintiff asserts claims for race discrimination under Title VII and wrongful discharge in violation of North Carolina's Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2. In his Title VII claim, the Plaintiff alleges that the DOT violated Title VII by discharging him and denying him the promotion to the supervisor's position filled after his discharge, both acts occurring "on account of his race." *Id.* at ¶ 32. In his North Carolina state law claim, the Plaintiff alleges that the DOT's actions, done because of his race, "constituted wrongful discharge under the common law" of North Carolina and in violation of the State's Equal Employment Practices Act. *Id.* at ¶ 34.

**Discussion**

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* In other words, the factual allegations, taken

as true, must "permit the court to infer more than the mere possibility of misconduct." *Id.* "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (applying *Iqbal*). Ultimately, the "factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Id.* at 256 (quoting *Twombly*, 550 U.S. at 570).

Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his ... terms, conditions, or privileges of employment, because of such individual's race... ." 42 U.S.C. § 2000e-2(a)(1) (2006). While a Plaintiff asserting a claim under Title VII is not required to plead facts that constitute a prima facie case to survive a motion to dismiss, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

The Plaintiff alleges that the Defendant failed to promote him and terminated him but does not allege facts sufficient to claim that the reason behind Defendant's actions was because of his race. His allegation that his termination was "motivated by his race" and that he was denied the promotion and discharged "on account of his race" are no more than "naked" allegations or "formulaic recitations" of the necessary elements of a Title VII cause of action. *See McCleary-Evans v. Md. Dept. of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (finding that Plaintiff failed to state a claim under Title VII by repeatedly alleging in her complaint that defendant did not hire her because of the decision-makers' bias against African-American women but failing to allege a factual basis to support the alleged conclusion). Plaintiff's

Complaint fails to provide any factual basis establishing the plausibility of his allegations, and "[o]nly speculation can fill the gaps in [his] complaint." *See Id.* at 586. Accordingly,

IT IS THEREFEORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: February 9, 2016

Graham C. Mullen
United States District Judge